(53 Misc. Rep. 284)

## HOUGH v. BALDWIN.

(Supreme Court, Appellate Term. March 14, 1907.)

BROKERS—COMPENSATION—SUFFICIENCY OF SERVICES—WILLINGNESS OF PARTY PROCURED TO PERFORM CONTRACT.

Where a broker's customer refuses to sign the contract of exchange unless a new stipulation is inserted, amounting to an option in the customer to take or not on contingencies, such customer was not ready and willing to take upon terms proposed to plaintiff, entitling plaintiff to commission.

Appeal from City Court of New York, Trial Term.

Action by Joseph C. Hough against Clarence D. Baldwin. Judgment for plaintiff, and defendant appeals. Reversed, and judgment directed for defendant.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Bushby & Berkeley (James C. Bushby, of counsel), for appellant.

Steuer & Hoffman (Max D. Steuer and Henry A. Friedman, of counsel), for respondent.

DAVIS, J. This case came before this court on a former appeal, and a judgment in favor of the plaintiff was reversed, and a new trial ordered. Hough v. Baldwin, 50 Misc. Rep. 546, 99 N. Y. Supp. 545. The new trial was had, and the plaintiff again recovered; and this is an appeal from that judgment and from an order denying a motion for a new trial.

The testimony on the new trial did not differ materially from that given on the first trial. The action is for broker's commissions. The plaintiff claims to have earned his commissions for having produced a party ready and willing to exchange property with the defendant. It appears now that the party produced by the plaintiff would not sign the contract agreed upon the day before, unless there were inserted therein the provision:

"It is understood between the parties hereto that, if the party of the second part rejects title on the ground of bay window or stoop ledge encroachments, then the deposit paid herein shall be returned in full for all claims."

The contract was signed with this provision inserted. By this provision the exchange was made to depend upon the mere option of the plaintiff's customer to take or not in case of these encroachments. The contract was thus not a binding, enforceable contract, and the party

produced by the plaintiff was not ready and willing to take upon the terms proposed to the plaintiff. These encroachments would not have been a good ground for rejecting the title, if there were not a special agreement to that effect.

Judgment reversed, and judgment directed for the defendant dismissing the complaint, with costs in the court below and the costs of this appeal. All concur.